

FILED

2006 SEP -6 PM 1:53

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL PROVENCIO,<br><br>                    Petitioner,<br><br>    v.<br><br>CHRIS CHRONES, Warden,<br><br>                    Respondent. | Civil No.   06-1760 L (LSP)<br><br>**NOTICE REGARDING POSSIBLE FAILURE TO EXHAUST AND ONE-YEAR STATUTE OF LIMITATIONS** |

      Petitioner, a state prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. **THIS NOTICE PROVIDES IMPORTANT INFORMATION RELATING TO PETITIONS AND IS ISSUED IN EVERY CASE REGARDLESS OF WHETHER THE PETITIONER ALLEGES FULL EXHAUSTION OF STATE JUDICIAL REMEDIES.**

<u>**REQUIREMENT THAT PETITIONER EXHAUST STATE JUDICIAL REMEDIES**</u>

      Generally, applications for writs of habeas corpus that contain unexhausted claims must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, federal courts have the discretion to <u>deny</u> a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. *See* 28 U.S.C.A. § 2254(b)(2) (West Supp. 2006); *Liegakos v. Cooke*, 106 F.3d 1381, 1388 (7th Cir. 1997). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of <u>every</u> <u>issue</u> raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c);

C:\Documents and Settings\Mark\Local Settings\Temp\notes1C7949\1760exhnot.wpd, 956              06cv1760

1  *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner must have raised the <u>very</u>
2  <u>same</u> federal claims brought in the federal petition before the state supreme court. *See Duncan*
3  *v. Henry*, 513 U.S. 364, 365-66 (1995). For example, "[i]f a habeas petitioner wishes to claim
4  that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by
5  the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* at
6  366.

## ONE-YEAR STATUTE OF LIMITATIONS

8  Further, the Court cautions Petitioner that a one-year period of limitation applies to a
9  petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State
10 court. The limitation period begins to run on the latest of:

11     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking
12     such review;

13     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the
14     United States is removed, if the applicant was prevented from filing by such State action;

15

16     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
17     applicable to cases on collateral review; or

18     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise
19     of due diligence.

20 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2006). If the federal petition is filed after the
21 statute of limitations has run, the petition will be summarily dismissed.

22 The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition
23 is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).
24 *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'
25 when its delivery and acceptance [by the appropriate court officer for placement into the record]
26 are in compliance with the applicable laws and rules governing filings."). However, the filing
27 of a <u>federal</u> habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S.
28 167, 181-82 (2001).

## CONCLUSION

This Court has not yet determined whether or not all of Petitioner's claims have been exhausted. That determination will take place later in the proceedings. However, Petitioner should consider that if state court remedies have not been exhausted, "the clock may be ticking" on his one-year statute of limitations, and/or that the one-year period may have already expired. If a petitioner waits until this Court determines whether all claims contained in a petition have been exhausted, it may be too late to exhaust. Therefore, if a petitioner knows that one or more claims have not been exhausted, the petitioner should consider the options with respect to exhausting those claims. <u>Those options include:</u>

(1) filing a request for voluntary dismissal of unexhausted claims and proceeding in the current federal action with only the exhausted claims (If Petitioner chooses this option, his abandoned unexhausted claims may be <u>forever barred</u> from federal court habeas review.); or

(2) filing a request for dismissal without prejudice of the current federal action and going to state court to exhaust all unexhausted claims (Petitioner should consider whether all of his federal claims will be barred by the one-year statute of limitations before choosing this option.).

This Notice is not providing legal advice. It merely lists two of the options that may be available to petitioners who file unexhausted claims in federal court. The decision on how to proceed is solely and exclusively up to Petitioner.

**IF PETITIONER IS CERTAIN HIS FEDERAL PETITION CONTAINS ONLY EXHAUSTED CLAIMS, HE NEED NOT TAKE ANY FURTHER ACTION.**

**PETITIONER IS SO NOTIFIED.**

DATED: 9/6/06

Leo S. Papas
United States Magistrate Judge